### IN THE UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF ARKANSAS
### WESTERN DIVISION

**ALEXIS CARRUTH**                                                                    **PLAINTIFF**

**VS.**                                                     **NO. 4:07CV00726**

**BUG MAN, INC.; MCDONALDS; and**
**DABBS & POMTREE**                                                             **DEFENDANTS**

## ORDER

Pending are Defendants' motions to dismiss, docket entries 10, 16 and 25.  Plaintiff failed to respond.  Plaintiff commenced this action, *pro se*, on August 20, 2007 and was granted leave to proceed *in forma pauperis* on August 22, 2007.  After careful review of the complaint and the pending motions, it is the opinion of this Court that the allegations contained in the complaint fail to state a claim on which relief may be granted and that case should be dismissed.

In considering this decision, because Plaintiff is proceeding *pro se*, the Court has afforded her a liberal construction of her complaint. Under 28 U.S.C. § 1915(e)(2), the Court must dismiss a complaint filed *in forma pauperis*  if the Court finds that "the action or appeal- (i) is frivolous or malicious [or] (ii) fails to state a claim on which relief may be granted. . . ."  28 U.S.C. § 1915(e)(2)(B)(i)(ii).  It is the opinion of this Court that the allegations in the complaint fail to state a claim on which relief may be granted, and that justice will be served by the dismissal of the complaint.

Plaintiff filed this *pro se* Complaint under 42 U.S.C. §1983 claiming injuries resulting from exposure to bug spray while eating at a McDonald's Restaurant.   An individual must act under color of state law for purposes of liability under §1983. 42 U.S.C. §1983.  A defendant's conduct must be "fairly attributable" to the state to be considered an action under color of state

law. *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937 (1982).  Plaintiff fails to state facts from

which the Court can find that the defendants are state actors.  Based upon the allegations in the

complaint, it appears the defendants are private actors not acting under color of state law.

Further, Plaintiff claims the events leading to her alleged injury occurred on January 21, 2004.

The applicable statute of limitations governing Plaintiff's §1983 claims is three years.  *Morton v.*

*City of Little Rock*, 934 F. 2d 180 (8th Cir. 1991).  Plaintiff filed her complaint on August 20,

2007, seven months past the expiration of the applicable statute of limitations.  Accordingly,

Plaintiff's action is time barred.

   Plaintiff also complains that defendant, Dabbs & Pomtree represented her following her

injuries but returned her file and declined further representation on or about August 18, 2006.

These allegations fail to state a federal cause of action and the Court does not have diversity

jurisdiction over the parties.  Accordingly, these claims must also be dismissed.

   Wherefore, the Court orders that this case be dismissed and closed.

   IT IS SO ORDERED this 15th day of October, 2007.


                                           _____
                                           James M. Moody
                                           United States District Judge